SUMMARY ORDER
Plaintiff-Appellant Melissa Castaldi appeals from an adverse judgment of the *762 United States District Court for the Eastern District of New York entered following a jury trial culminating in a verdict in favor of Defendant-Appellee Land Rover North America, Inc. (“Land Rover”) and following the District Court’s denial of her motion to set aside the verdict. We assume the parties’ familiarity with the underlying facts, procedural history, and issues presented for review.
Castaldi challenges Land Rover’s use of a chart summarizing the testimony of its expert witness. The District Court possesses broad discretion to determine the mode by which evidence is presented to the jury. See Fed.R.Evid. 611(a); SR Int’l Bus. Ins. Co. v. World Trade Cent. Props., LLC, 467 F.3d 107, 119 (2d Cir.2006). This discretion generally encompasses the authority to allow the use of demonstrative aides, including the display of charts or tables accurately summarizing the content of primary testimony. See United States v. Pinto, 850 F.2d 927, 935 (2d Cir.1988). Although the chart at issue, entitled “Facts of the Incident,” may have unduly emphasized the otherwise inadmissible factual material relied upon by the expert in reaching his opinion, any prejudice potentially arising from such use was ameliorated by the District Court’s instruction to the jury that the chart was merely a demonstrative aid and that the soundness of Land Rover’s expert witness’s testimony, as summarized on the chart, depended upon the quality of the evidence from which it was drawn. Moreover, the chart did not misstate the testimony of Land Rover’s expert witness or otherwise mis-characterize the expert’s opinion. Accordingly, the District Court did not abuse its discretion in permitting the use of the chart.
Any objection that Castaldi may have raised to the underlying testimony forming the content of the challenged' chart is equally lacking in merit. If of a type reasonably relied upon by experts in the particular field,” the facts relied upon by an expert in forming an opinion need not be admissible in evidence. Fed.R.Evid. 703; see also United States v. Locascio, 6 F.3d 924, 938 (2d Cir.1993). There is no question that an expert witness of the type employed by Land Rover may rely on deposition testimony in forming an opinion. Cf. United States v. Joseph, 542 F.3d 13, 22 (2d Cir.2008); Locascio, 6 F.3d at 938. Moreover, such otherwise inadmissible facts may be disclosed to the jury if the District Court determines that “their probative value in assisting the jury to evaluate the expert’s opinion substantially outweighs their prejudicial effect.” Fed. R.Evid. 703. Particularly in light of the District Court’s express instruction to the jury that it could make use of the various otherwise inadmissible facts alluded to by Land Rover’s expert witness only to evaluate that witness’s opinion, it is our view that the District Court did not abuse its discretion in allowing this testimony to be admitted.
Finally, even assuming that Land Rover’s counsel improperly discussed unadmit-ted evidence during his summation, such ei'ror did not “so infect [the] trial with undue prejudice or passion as to require” a new trial. Patterson v. Balsamico, 440 F.3d 104, 119 (2d Cir.2006) (internal quotation marks omitted).
We have considered all of Castaldi’s remaining contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.